UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(PHILADELPHIA)

| | |
|---|---|
| IN RE:<br>**James E. Weaver, Jr. and Diane D Weaver**<br>Debtors | CHAPTER 13<br><br>CASE NO.: **19-11007-elf** |

## STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

It is hereby stipulated by and between Hill Wallack, LLP, counsel for TruMark Financial Credit Union ("Movant"), and Brad J. Sadek, Esquire, counsel for the Debtors, as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. The Stipulation pertains to the property located at 28 Hillbrook Circle, Malvern, PA 19355 (the "Property").

3. The Debtors currently have a post-petition arrearage of $13,111.49 representing the monthly payments due on the First Mortgage from August 1, 2019 through February 1, 2020 (7 months @ $1,873.07/mo.).

4. The Debtors currently have a post-petition arrearage of $1,568.00 representing the monthly payments due on the Home Equity Revolving Credit Mortgage ("HERCM") from August 1, 2019 through February 1, 2020 (7 months @ $224.00/mo.).

5. The Parties agree that the total arrears on the First Mortgage and HERCM is $14,679.49.

6. Commencing, March 1, 2020 and continuing on the 1st day of each consecutive month until November 1, 2020 the Debtors shall make a payment of $1,456.83 to Movant which shall amortize the post-petition arrears on the First Mortgage to be repaid ("First Mortgage Cure Payment").

7. Commencing, March 1, 2020 and continuing on the 1st day of each consecutive month until November 1, 2020 the Debtors shall also make a payment of $174.22 to Movant which shall amortize the post-petition arrears on the HERCM to be repaid ("HERCM Cure Payment").

8. In addition to the payments in Paragraph Nos. 6 and 7, commencing on or before March 1, 2020 and continuing on the 1st day of each consecutive month thereafter, Debtors shall make their regular monthly payments on the First Mortgage and HERCM when due (the "Monthly Payment").

9. The payments set forth in Paragraphs Nos. 6, 7, and 8, hereinabove, shall be made payable to TruMark Financial Credit Union and sent to the following address: TruMark Financial Credit Union, 335 Commerce Drive, Fort Washington, PA 19034.

10. Should the Debtors fail to make any of the First Mortgage Cure Payments, HERCM Cure Payments or Monthly Payments when due than Movant shall send Debtors and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

11. In the event the Debtors converts to a Chapter 7 during the pendency of this bankruptcy case, the Debtors shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtors fail to bring the loan contractually current, Movant shall send Debtors and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

12. Debtors' tendering of a check to TruMark Financial Credit Union, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

13. The parties stipulate that Movant shall be permitted to communicate with the Debtors and Debtors' Counsel to the extent necessary to comply with applicable non-bankruptcy law.

14. The parties agree that a facsimile signature shall be considered an original signature.

/s/Michael J. Shavel, Esq.
Michael J. Shavel, Esquire
Counsel for Movant

Brad J. Sadek, Esquire
Counsel for Debtors

William C. Miller, Esquire, Chapter 13 Trustee
NO OBJECTION
*without prejudice to any
trustee rights and remedies.